CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

DEC 16 2011

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Criminal Case No. 7:98cr00097-1 |
| | ) | |
| v. | ) | By: Samuel G. Wilson |
| | ) | United States District Judge |
| LIONEL RAY HAIRSTON. | ) | |
| | ) | 2255 MEMORANDUM OPINION |

This is a motion pursuant to 28 U.S.C. § 2255 by Lionel Ray Hairston, a federal inmate proceeding *pro se*, claiming that he is "actually innocent of being a career offender," in light of United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) and that this court should re-sentence him. The court finds that Hairston's claim has no merit and, therefore, denies it.

I.

In February 1999, pursuant to a written plea agreement, Hairston pled guilty to three counts of distributing cocaine base in the fall of 1998. Each offense involved more than 27 grams of crack cocaine. Hairston also had two previous Virginia felony drug trafficking offenses, one for distributing cocaine and one for possessing cocaine with the intent to distribute, both in violation of Virginia Code §18.2-248. In 1991, Hairston pled guilty in the Henry County Circuit Court to distributing cocaine and that court sentenced him to seven years imprisonment, with six years suspended, and placed him on probation for five years. Less than a year later, in 1992, Hairston pled guilty in the Danville Circuit Court to possessing with the intent to distribute cocaine and that court sentenced him to 12 years imprisonment. A short while later, based on the Danville conviction, the Henry County Circuit Court revoked Hairston's probation on the distribution charge and ordered him to serve six years, with three years to run concurrently with the sentence imposed by the Danville Circuit Court.

In November 1998, Hairston was charged, in this court, with three counts of distributing cocaine base, in violation of 21 U.S.C. § 841(a)(1). Based upon Hairston's two previous Virginia felony drug trafficking offenses, the United States Attorney filed an information in this court pursuant to 21 U.S.C. § 851 and that information had the effect of raising his statutory imprisonment range from 5 to 40 years for each of his federal offenses, to 10 years to life for each offense.

The presentence investigation report for the federal conviction Hairston now challenges noted that Hairston was a career offender under United States Sentencing Guideline § 4B1.1 because he was at least 18 years old at the time of his federal felony offenses and had at least two prior felony controlled substance convictions. This produced a guideline range of 262 to 327 months, and the court ultimately sentenced him to the bottom of that range.

## II.

Analogizing his circumstances to those in Simmons, which overruled United States v. Harp, 406 F.3d 242 (4th Cir. 2005), Hariston claims that his two previous Virginia convictions were not felonies subjecting him to an enhanced guideline sentence. Harp held that "to determine whether a conviction is for a crime punishable by a prison term exceeding one year" a court should consider "the maximum *aggravated* sentence that could be imposed for that crime upon a defendant with the worst possible criminal history" and not the maximum sentence that could be imposed on the actual defendant being sentenced. Harp, 406 F.3d at 246-47 (emphasis in original). In Simmons, the Court of Appeals held that whether a particular offense was a "felony" must focus on the maximum sentence for which a particular defendant was eligible, in light of *his* criminal history and the nature of his offense, rather than the maximum sentence that

could be imposed on a defendant with the worst possible criminal record. Simmons, 649 F.3d at 241-47 (emphasis added).

Here, there is nothing hypothetical about the sentences Hairston faced and received in state court. He actually faced 40 years imprisonment for each violation and actually received seven years imprisonment with six years suspended on the distribution charge, which was later revoked resulting in a seven-year sentence, and he actually received 12 years imprisonment on the possession with intent to distribute charge. Clearly, each was a felony controlled substance offense under Virginia law and, thereby, a qualifying predicate offense under the career offender guideline. See U.S.S.G. §4B1.1. Consequently, the court finds that Hairston's claim has no merit and, therefore, denies Hairston's § 2255 motion.[1]

### III.

For the reasons stated, the court dismisses Hariston's § 2255 motion.

The Clerk of the Court is directed to send copies of this Memorandum Opinion and accompanying Order to the parties.

**ENTER:** this 16th day of December, 2011.

_____
United States District Judge

---

[1] Having rejected the premise of Hariston;s motion, the court does not address the motion's various other deficiencies.